UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT FRANCIS,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>ANACOMP, INC. ACCIDENTAL DEATH AND DISMEMBERMENT PLAN and LIFE INSURANCE COMPANY OF NORTH AMERICA,<br><br>　　　　　　　　　　Defendants. | CASE NO.10cv467 BEN (BGS)<br><br>**ORDER:**<br><br>**1. GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br>[Dkt. No. 21]<br><br>**2. GRANTING IN PART AND DENYING IN PART DEFENDANTS' CROSS MOTION FOR PARTIAL SUMMARY ADJUDICATION**<br>[Dkt. Nos. 22 and 23] |

   Plaintiff Robert Francis moves for partial summary adjudication on two issues: (1) the application of California law; and (2) the standard of review to be applied to the underlying decision of the plan administrator. The Defendants oppose and move for cross-summary adjudication. This Court holds that: (1) California state law is preempted and federal common law will be applied; and (2) the standard of review to be applied to the denial of benefits decision is *de novo* review.

## I. BACKGROUND

While Plaintiff was employed by Anacomp, Inc., Plaintiff's wife was covered by an accidental death insurance policy issued by Defendant Life Insurance Company of North America ("LICNA"). While the policy was in force, Plaintiff's wife passed away. The coroner found the death to be accidental. Plaintiff sought benefits under the policy. LICNA denied benefits. The main issue is whether Plaintiff's wife died of accidental causes, as that is defined by the policy. Because the insurance coverage was based on Plaintiff's employment, this action is governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA") and this Court has jurisdiction.

## II. LEGAL STANDARDS

**A. Application of State Law**

In ERISA cases, federal courts are directed to develop a federal common law of rights and obligations for ERISA-regulated plans. *Standard Ins. Co. v. Morrison*, 584 F.3d 837, 841 (9th Cir. 2009), *cert. denied*, 130 S. Ct. 3275 (2010) (citations omitted). This is due to the "broad preemptive force" of ERISA. *Id.* Relevant to this case, ERISA § 502(a) "'set[s] forth a comprehensive civil enforcement scheme'" that completely preempts state-law "'causes of action within the scope of th[es]e civil enforcement provisions . . . .'" *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208–09 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987)); *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 945 (9th Cir. 2009).

Preemption under ERISA § 514 is also governed by a two-prong test. Under § 514(a), ERISA broadly preempts "any and all State laws insofar as they may now or hereafter relate to any [covered] employee benefit plan . . . ." 29 U.S.C. § 1144(a). But this broad preemption provision is tempered by a savings clause in § 514(b), which spares "any law of any State which regulates insurance, banking, or securities." *Id.* § 1144(b)(2)(A). "To fall under the savings clause, a regulation must satisfy a two-part test laid out in *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 342 (2003)." *Morrison*, 584 F.3d at 842. "'First, the state law must be specifically directed toward entities engaged in insurance.'" *Id.* (quoting *Ky. Ass'n of Health Plans*, 538 U.S.

at 342). Second, "it 'must substantially affect the risk pooling arrangement between the insurer and the insured.'" *Id.* (quoting *Ky. Ass'n of Health Plans*, 538 U.S. at 342).

## B. Standard for Reviewing the Decision of the Plan Administrator

When a court reviews an ERISA denial of benefits, the "denial of benefits . . . is to be reviewed under a *de novo* standard" where the administrator is not granted discretionary authority by the plan. *Conkright v. Frommert*, 130 S. Ct. 1640, 1646 (2010) (citations omitted). As a result, "the standard of review depends on whether the plan explicitly grants the administrator discretion to interpret the plan's terms." *Harlick v. Blue Shield of California*, ___ F.3d ___, 2011 WL 3796177 *4 (9th Cir. Aug. 26, 2011) (citation omitted). When discretion is granted, courts review benefit decisions for an abuse of discretion. *Id.* Where the plan administrator has a conflict of interest, such as when an insurer decides benefits under its own insurance policy, the court's review is the abuse of discretion standard "tempered by skepticism." *Id.* at *5.

## III.   DISCUSSION

### A. California Law

Plaintiff moves for a ruling that California state law interpreting accidental death clauses in insurance policies constitutes a state law regulating insurance which is saved from ERISA preemption and should apply to this case. By cross motion, Defendants seek the opposite ruling, *i.e.*, that California state law is preempted.

The California state law to which Plaintiff refers is described in *Slobojan v. Western Travelers Life Ins. Co.*, 450 P.2d 271 (1969) (in bank). In *Slobojan*, the California Supreme Court considered an accidental death benefit provision that has similarities to the insurance policy provisions at issue in this action. The *Slobojan* policy stated in part that, "the death of the insured must have 'resulted directly and independently of all other causes from bodily injuries caused by accident and must not have resulted from 'disease' or 'bodily or mental infirmity.'" *Id.* at 277. The Supreme Court held:

> the correct rule is that the presence of preexisting disease or infirmity will not relieve the insurer from liability if the accident is the proximate cause of death; and that recovery may be had even though a diseased or infirm condition appears to actually contribute to cause the death if the accident sets in progress the chain of events leading directly to death, or if it is the prime or moving cause.

- 3 -

1 *Id.* at 278. The *Slobojan* rule, also known as the proximate cause test, would apply to this case if it
2 is not preempted by ERISA.

3       In *McClure v. Life Insurance Company of North America*, 84 F.3d 1129, 1135 (9th Cir.
4 1996), the Ninth Circuit concluded that state law does not apply. Instead, *McClure* held that
5 federal common law applies when determining whether the existence of a preexisting medical
6 condition bars recovery under an ERISA insurance policy. *McClure* held that if preexisting
7 condition exclusionary language in an ERISA insurance policy is conspicuous, it will bar recovery
8 if a preexisting condition substantially contributed to the loss. *Id.* at 1136. On the other hand,
9 where preexisting medical condition exclusionary language is inconspicuous, "a policy holder
10 reasonably would expect coverage if the accident were the predominant or proximate cause of the
11 disability." *Id.*

12       Plaintiff argues that *McClure* should no longer apply and that the *Slobojan* rule should be
13 saved from preemption under the more recent Supreme Court test from *Kentucky Association of*
14 *Health Plans.* It may be that the Ninth Circuit will hold differently in the future if it reconsiders
15 the preemption question. But currently, *McClure* is controlling. *See e.g., Weis v. Accidental*
16 *Death & Dismemberment Benefit Plan of Kaiser Found. Health Plan Inc.*, 442 F. Supp. 2d 850,
17 855 (N.D. Cal. 2006) ("Because California's proximate cause standard has been adopted in the
18 Ninth Circuit as part of the federal common law, the Court accordingly need not reach the parties'
19 remaining arguments regarding . . . the ERISA savings clause."); *contra Anderson v. Cont'l Cas.*
20 *Co.*, 258 F. Supp. 2d 1127,1130 (E.D. Cal. 2003) (abandoning the *McClure* approach in favor of
21 the *Ky. Ass'n of Health Plans* test to decide whether California's "process of nature" rule is
22 preempted by ERISA).

23       Therefore, according to *McClure*, federal common law is to be applied in this case, rather
24 than the *Slobojan* rule as saved from preemption, to determine whether benefits are due under the
25 policy. Accordingly, Plaintiff's motion on this point is denied and Defendants' motion is granted.
26 Whether the policy language at issue in this case is conspicuous or inconspicuous (the question on
27 which *McClure* turned) is not squarely presented or decided by these cross motions. If
28 inconspicuous, the federal common law to apply would still be the *Slobojan* rule. If conspicuous,

the Plaintiff might not be due accidental death benefits if a preexisting medical condition substantially contributed to the death of Plaintiff's spouse. The parties may wish to file cross-motions on this question.

**B. Standard of Review Applied to the Plan Administrator's Decision**

The second issue to be decided is the standard of review with which this Court is to consider the decision denying benefits. Plaintiff's insurance policy was issued by LICNA and it was LICNA that made the determination that Plaintiff was not entitled to benefits. Thus, the issue is whether this Court applies a *de novo* standard or an abuse of discretion/tempered by skepticism standard.

As mentioned earlier, a denial of benefits is to be reviewed under a *de novo* standard where the plan administrator is not granted discretionary authority by the plan. *Conkright*, 130 S. Ct. at 1646. Plaintiff argues that there has been no grant of discretionary authority while Defendants argue that LICNA has been granted authority. The policy of insurance does not contain a grant of discretionary authority, and Defendants make no claim that it does. *See* Notice of Filing of Administrative Record at LINA 4--24 (*i.e.*, the insurance policy).

Defendants rely instead on a document titled, "Employee Welfare Benefit Plan Appointment of Fiduciary" purporting to appoint LICNA as "the designated fiduciary for the review of claims for benefits under the Plan." *See* Amendment to Notice of Filing Administrative Record, at LINA 473. The Appointment of Fiduciary document is dated January 1, 2004. The insurance policy contains one amendment dated January 1, 2004, but it does not mention an appointment of fiduciary. *See* Notice of Filing Administrative Record, at LINA 24. Instead, it relates to a change in an exclusion for felony assault and a change in the definition of the loss of a hand. *Id.*

Defendants do not identify where the appointment of fiduciary is described in a summary plan document. The record contains an insurance certificate which is similar to the insurance policy, but it likewise does not contain or describe a grant of discretionary authority. *See* Second Amendment to Notice of Filing Administrative Record, at LINA 474--500 (*i.e.*, Group Accidental Death & Dismemberment Insurance Certificate).

Defendants argue that it is enough if the Appointment of Fiduciary is a plan document,

1 whether or not it is contained in the insurance policy or described in a summary plan document,
2 citing *Raybourne v. CIGNA Life Ins. Co. of N. Y.* (576 F.3d 444 (7th Cir. 2009)). *Raybourne*
3 involved a similar fiduciary appointment document. However, in that case the ERISA summary
4 plan document "refer[red] to the Claims Fiduciary Appointment and explain[ed] the discretion that
5 it confer[red]." *Id.* at 449. No similar reference is found in the LICNA policy or summary plan
6 documents identified in this case. Indeed, apparently Plaintiff found out about the existence of the
7 Appointment of Fiduciary document only after undertaking discovery in this case.

8 The application of a *de novo* standard of review is required in this case. *Grosz-Solomon v.*
9 *Paul Revere Life Ins. Co.,* 237 F.3d 1154 (9th Cir. 2001). *Grosz-Solomon* held that a district court
10 erred in applying an abuse of discretion rather than *de novo* standard of review where the plan
11 insurance policy had an integration clause and contained no conferral of discretionary authority.
12 When a benefit summary was later revised to include language purporting to confer discretionary
13 authority on the insurer as claims administrator, the Ninth Circuit held that the revision was
14 ineffective. *Id*. at 1162. *Grosz-Solomon* explained, "[b]ecause the actual policy purports to be fully
15 integrated, and because even if it were not fully integrated, the Benefit Summary language Paul
16 Revere added is null and void, the district court should have evaluated Paul Revere's decision to
17 deny Grosz-Solomon benefits using de novo review." *Id.*

18 As in the *Grosz-Solomon* case, the LICNA policy purports to be fully integrated. *See*
19 Notice of Filing of Administrative Record, at LINA 16 ("This Policy, including the endorsements,
20 amendments and any attached papers constitutes the entire contract of insurance."). Moreover,
21 changes to the policy must, according to its terms, be endorsed or attached to the policy. *Id.* ("No
22 change in this Policy will be valid until approved by one of Our executive officers and endorsed on
23 or attached to this Policy."). As noted earlier, the Appointment of Claim Fiduciary form is neither
24 attached to nor endorsed on the policy. Therefore, as in *Grosz-Solomon*, because the actual policy
25 purports to be fully integrated, and even if not fully integrated, the Appointment of Claim Fiduciary
26 did not properly amend the policy and is not described in a summary plan document, the *de novo*
27 standard of review shall be applied. *Id.*; *see also Heim v. Life Insurance Company of North*
28 *America*, slip op., Case No. Civ.A. 10-1567, 2010 WL 5300537 (E.D. Pa. 2010) (applying *de novo*

standard where LICNA's Claim Fiduciary Form was not attached to the insurance policy or described in the summary plan document). Accordingly, Plaintiff's motion on this point is granted and Defendants' motion is denied. The *de novo* standard of review shall be applied.

## IV.  CONCLUSION

Both motions for partial summary adjudication are granted in part and denied in part, as described above. Within three days of this Order, the parties shall notify the Magistrate Judge to schedule further proceedings.

IT IS SO ORDERED.

DATED:  September 14, 2011

Hon. Roger T. Benitez
United States District Judge